FILED
IN OPEN COURT
SEP 24 2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

UNITED STATES OF AMERICA

v.

ANTHONY C. ZOLLO,

*Defendant.*

**UNDER SEAL**

Case No. 1:26-CR-172

Count 1: 18 U.S.C. § 2422(b)
Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity

Forfeiture Notice

**INDICTMENT**

September 2026 Term—at Alexandria, Virginia

**COUNT ONE**
**(Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity)**

THE GRAND JURY CHARGES THAT:

Between on or about May 12, 2026, and on or about May 18, 2026, within the Eastern District of Virginia and elsewhere, the defendant, ANTHONY C. ZOLLO, using a facility and means of interstate and foreign commerce, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, and attempted to do so, to engage in a sexual activity for which a person can be charged with a criminal offense, including, Code of Virginia Sections 18.2-370 (taking indecent liberties with children), 18.2-374.1 (production of child pornography), 18.2-374.3 (use of a communications systems to facilitate certain offenses involving children); and New Jersey Revised Statutes Sections 2C:24-4(a)(1) (endangering welfare of children) and 2C:24-4(b)(3) (production of child sexual abuse material).

(All in violation of Title 18, U.S. Code, Section 2422(b).)

**FORFEITURE NOTICE**

THE GRAND JURY FURTHER FINDS THAT:

The defendant, ANTHONY C. ZOLLO, is hereby notified, pursuant to Federal Rule of Criminal Procedure 32.2(a), that upon conviction of Count One of the Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428(a): (1) the defendant's interest in any property, real or personal, constituting or derived from any proceeds he obtained, directly or indirectly, as a result of such violation; and (2) the defendant's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation.

The property subject to forfeiture includes, but is not limited to, the following:

(1) Apple iPhone 15 (IMEI 359897656894280).

If any property subject to forfeiture is unavailable, the United States may seek an order forfeiting substitute assets pursuant to Title 21, U.S. Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(All in accordance with Title 18, United States Code, Section 2428(a);
Title 21, United States Code, Section 853(p); and Fed. R. Crim. P. 32.2.)

A TRUE BILL

Pursuant to the E-Government Act,
The original of this page has been filed
under seal in the Clerk's Office

FOREPERSON

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

Stefanie A. Schwartz
Assistant United States Attorney